| JS-6 | UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br><br>CIVIL MINUTES - GENERAL | Priority ___<br>Send ___<br>Enter ___<br>Closed ___<br>JS-5/JS-6 ___<br>Scan Only ___ |
|---|---|---|

**CASE NO.:** CV 16-01245 SJO (GJSx)     **DATE:** July 7, 2016

**TITLE:** Joel D. Joseph v. Alan L. Kaye et al.

========================================================================
**PRESENT:** THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE

Victor Paul Cruz                                Not Present
Courtroom Clerk                                 Court Reporter

**COUNSEL PRESENT FOR PLAINTIFF:**              **COUNSEL PRESENT FOR DEFENDANTS:**

Not Present                                     Not Present

========================================================================
**PROCEEDINGS (in chambers): ORDER DENYING PLAINTIFF'S MOTION TO REMAND** [Docket No. 19]; **GRANTING DEFENDANTS' MOTIONS TO DISMISS** [Docket Nos. 24]; **DENYING DEFENDANT AMERICAN GENERAL'S MOTION FOR SANCTIONS** [Docket No. 29.]

These matters are before the Court on Defendant Alan L. Kaye's ("Kaye") Motion to Dismiss ("Motion to Dismiss"), filed May 5, 2016, Defendant American General Life Insurance Company's ("American General") Motion for Sanctions ("Motion for Sanctions"), filed May 24, 2016, and Plaintiff Joel D. Joseph's ("Plaintiff") Motion to Remand ("Motion to Remand"), filed March 28, 2016.[1]  Plaintiff opposed the Motions to Dismiss on May 24, 2016, and opposed the Motion for Sanctions on June 3, 2016.  American General opposed the Motion to Remand on April 11, 2016.  Kaye and American General filed replies in support of the Motions to Dismiss and Motion for Sanctions on June 6, 2016 and June 13, 2016.  The Court found these matters suitable for disposition without oral argument and vacated the hearings set for May 2, 2016, June 20, 2016 and June 27, 2016.  *See* Fed. R. Civ. P. 78(b).  For the following reasons, the Court **DENIES** Plaintiff's Motion to Remand, **GRANTS** Defendants' Motions to Dismiss, and **DENIES** American General's Motion for Sanctions.

I.    FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff, proceeding *pro se*, initiated this life insurance dispute in the Superior Court of the State of California for the County of Los Angeles as Case No. SC125276 (the "State Court Action") on

---

[1] American General's Motion for Sanctions raises the same res judicata and statute of limitations arguments as Kaye's Motion to Dismiss.  Thus, the Court construes American General's Motion for Sanctions as two motions:  (1) a motion for sanctions, and (2) a motion to dismiss.  Hereinafter, the Court will refer to Kaye and American General's motions to dismiss as Defendants' Motions to Dismiss.

| MINUTES FORM 11 | | ___ : ___ |
|---|---|---|
| CIVIL GEN | Page 1 of 16 | Initials of Preparer ___ |

CASE NO.:   CV 16-01245 SJO (GJSx)                    DATE:   July 7, 2016

January 20, 2016, and American General removed the State Court Action to this Court on February 23, 2016.[2]  (*See generally* Notice of Removal, ECF No. 1.)

    A.    Allegations in Plaintiff's Complaint

Plaintiff alleges in his Complaint that American General, a Texas corporation, and defendant Alan L. Kaye ("Kaye") (together, "Defendants"), an insurance agent for American General who resides in Beverly Hills, California, have engaged in "a common and systematic practice . . . of discouraging its insureds from obtaining a life settlement in connection with their life insurance policies and canceling policies for non-payment even when the policies should not be cancelled." (Notice of Removal, Ex. 1 ("Compl.") ¶¶ 3, 18-19.)  More particularly, Plaintiff alleges the following.

Plaintiff, an elderly resident of California, brings this action in both his individual capacity and in his capacity as Trustee of the Harold Joseph Life Insurance Trust, dated June 12, 1997 ("Trust"). (Compl. p. 1, ¶ 17.)  Harold Joseph ("Mr. Joseph") purchased life insurance policy number A10107470L (the "Policy") from Defendants on November 15, 1993, when he was seventy-two years old and suffering from Alzheimer's Disease.  (Compl. ¶¶ 7-8.)  The face amount of the Policy was $3,261,392.00 when it issued in 1993; as of the time this action was initiated, the amount is $2,086,044.00.  (Compl. ¶ 9.)  At the time he purchased the Policy, Mr. Joseph understood that the Policy would pay the beneficiaries—such as Plaintiff—on his death, irrespective whether or when his wife, Bea Joseph ("Mrs. Joseph"), passed away and irrespective whether either Mr. or Mrs. Joseph lived to be over 100 years old.  (Compl. ¶¶ 10-11.)  Mr. Joseph passed away on January 29, 2009, and Mrs. Joseph is still alive.  (Compl.  ¶ 12.)

Since Mr. Joseph's death on January 29, 2009, the Trust has paid more than $300,000.00 in premium payments, some from the Policy's cash value and some from Plaintiff's personal funds. (Compl. ¶ 13.)  On or around November 7, 2013, Plaintiff made a $15,000.00 premium payment toward the Policy paid from his personal assets.  (Compl.  ¶ 23.)  Although this payment was timely, insurance company AIG "cashed the payment and then sent a 'refund' check to [P]laintiff."[3]

---

    [2]    American General avers, and Plaintiff does not dispute, that American General was served with a copy of the complaint on January 25, 2016, making removal timely under 28 U.S.C. section 1446(b).  (*See* Notice of Removal ¶ 2.)

    [3]    Although Plaintiff throughout his Complaint refers to AIG as a "defendant," AIG, the parent corporation of subsidiary American General, is not named as a defendant in this action.  (*See generally* Compl.)

Case 2:16-cv-01245-SJO-GJS Document 38 Filed 07/07/16 Page 3 of 16 Page ID #:929

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority ____
Send ____
Enter ____
Closed ____
JS-5/JS-6 ____
Scan Only ____

CASE NO.: CV 16-01245 SJO (GJSx)        DATE: July 7, 2016

(Compl. ¶ 24.) Defendants then canceled the Policy for no stated reason.[4] (Compl. ¶¶ 3, 42.)

On November 19, 2015, Plaintiff sent Defendants a notice of intent to sue ("Notice") under the California Consumer Legal Remedies Act ("CLRA") stating that (1) Plaintiff has been attempting to sell the Policy, but that his efforts "were thwarted by AIG's refusal to provide illustrations to [P]laintiff's agents, and that AIG's illegal actions that led to the federal bailout made it impossible to sell the policy in question;" and (2) the Policy was cancelled without proper notice and without providing any reasons for such cancellation. (Compl. ¶¶ 33-35.) Defendants responded to the Notice and replied that they "would not change their practices." (Compl. ¶ 36.)

Plaintiff alleges that those insured under life insurance policies have several options with respect to such policies, although insurers often "omit or conceal" some of these options from insureds. (Compl. ¶ 15.) One such option is a "life settlement," under which the seller of the life insurance policy typically receives more than the policy's cash surrender value, but less than its death benefit. (Compl. ¶ 14.) This makes life settlements a particularly attractive option for elderly citizens, such as Plaintiff, who do not wish to incur or cannot afford the continued cost of life insurance. (Compl. ¶ 14.) Thus, life settlements provide a "practical alternative" to surrendering the life insurance policy, typically for only a fraction of its face value, or letting the policy lapse and receiving nothing in return. (Compl. ¶ 14.) "The omission or concealment of the option of a life settlement is a common and regular practice employed by defendants, and indeed is a pervasive practice in the life insurance industry." (Compl. ¶ 15.) For example, AIG instructs its own agents as well as independent agents that transact insurance on Defendants' behalf, to omit or conceal the option of a life settlement from its insureds. (Compl. ¶ 15.) Defendants' "actions to prevent plaintiff from exercising the option of a life settlement has caused Plaintiff and [sic] to suffer millions of dollars in damages." (Compl. ¶ 16.)

Prior to this action, Plaintiff filed a complaint in a Florida federal district court on December 2, 2013 in *Joseph v. Bernstein et al.*, Civil Action No. 1:13-cv-24355-CMA (S.D. Fla.) (the "Florida Action") alleging similar causes of action against American General and others arising from the Policy.[5]

---

[4] The Court notes the following: Plaintiff first alleges that "[t]his action concerns a [ ] practice by defendants of . . . canceling policies for non-payment even when the policies should not be canceled." (Compl. ¶ 3.) Plaintiff later on alleges that Defendants canceled the Policy "for no stated reason." (Compl. ¶ 42.)

[5] American General and Kaye ask the Court to take judicial notice of the following six litigation documents from the Florida Action: (A) Plaintiff's Complaint for Compensatory and Injunctive Relief ("Florida Complaint"); (B) the Florida district court's order dismissing the Florida Complaint ("First Florida Dismissal Order"); (C) Plaintiff's First Amended Complaint in the Florida Action ("Florida FAC"); (D) the Florida district court's order

| | | |
|---|---|---|
| JS-6 | **UNITED STATES DISTRICT COURT**<br>**CENTRAL DISTRICT OF CALIFORNIA**<br><br>**CIVIL MINUTES - GENERAL** | Priority ____<br>Send ____<br>Enter ____<br>Closed ____<br>JS-5/JS-6 ____<br>Scan Only ____ |

**CASE NO.:** CV 16-01245 SJO (GJSx)          **DATE:** July 7, 2016

Plaintiff asserts the following causes of action against all Defendants: (1) violation of the CLRA; (2) financial abuse of an elder pursuant to Welfare & Institutions Code sections 15600, *et seq.*; and (3) unlawful, unfair, and fraudulent business practices pursuant to California Business & Professions Code sections 17200, *et seq.* ("UCL"). (*See generally* Compl.)

II.     DISCUSSION

In the Motion to Remand, Plaintiff asks the Court to remand the instant action because Kaye was not fraudulently joined, such that his citizenship destroys complete diversity. (*See* Mot. to Remand, ECF No. 19.) In particular, Plaintiff contends that because "[a]gents are liable for their own torts even when they are acting within the scope of their agency" and because the Complaint alleges both that Kaye misled Plaintiff by discouraging him from selling the Policy and that Kaye did not properly advise Plaintiff of the deadlines for making payments, Defendants cannot demonstrate that Kaye was fraudulently joined. (Mot. to Remand 3.) American General responds that Kaye has been fraudulently joined because each of Plaintiff's claims against Kaye are barred by the procedural defenses of res judicata and/or statute of limitations.[6] (*See* Opp'n to Mot. to Remand ("Opp'n to Remand") 1, ECF No. 21.)

In Defendants' Motions to Dismiss, Kaye and American General ask the Court to dismiss the instant action against them because (1) Kaye was fraudulently joined, and (2) Plaintiff's claims are

---

dismissing with prejudice the Florida FAC ("Second Florida Dismissal Order"); (E) the United States Court of Appeals for the Eleventh Circuit's opinion affirming the Second Florida Dismissal Order ("Eleventh Circuit Opinion"); and (F) the United States Supreme Court's Notice of Denial of Certiorari ("Cert. Denial"). (*See generally* American General's Req. for Judicial Notice in Supp. Opp'n to Remand, Exs. A-F, ECF No. 21-1; Kaye's Req. for Judicial Notice in Supp. Mot. to Dismiss, Exs. A-E, ECF No. 24-1; American General's Req. for Judicial Notice in Supp. Mot. for Sanctions, Exs. A-F, ECF No. 29-1.)

The Court finds that these publicly available litigation documents are properly noticeable pursuant to Federal Rule of Evidence 201(b)(2), as the existence and contents of these documents "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2); *see MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986) (taking judicial notice of motion to dismiss filed in separate suit for instant motion to dismiss). The Court **GRANTS** American General's and Kaye's three requests for judicial notice of the six aforementioned litigation documents.

[6] American General additionally contends that each of Plaintiff's claims against Kaye are based on factual allegations that are not true. (Opp'n to Remand 1.) The Court need not address this argument because Plaintiff's claims are barred by the doctrine of res judicata and/or the statute of limitations, as discussed below.

| JS-6 | UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br><br>CIVIL MINUTES - GENERAL | Priority<br>Send<br>Enter<br>Closed<br>JS-5/JS-6<br>Scan Only | _____<br>_____<br>_____<br>_____<br>_____<br>_____ |
|---|---|---|---|

CASE NO.:  <u>CV 16-01245 SJO (GJSx)</u>                    DATE:  <u>July 7, 2016</u>

barred by the procedural defenses of res judicata, the applicable statute of limitations, or both. (*See* Mot. to Dismiss, ECF No. 24; Mot. for Sanctions, ECF No. 29.)  Plaintiff responds that res judicata does not bar his claims because (1) the parties are different, and (2) the Florida Action asserted claims under Florida law, whereas here, Plaintiff asserts claims under California law. (*See* Opp'n to Mot. to Dismiss ("Opp'n to Dismiss"), ECF No. 30.)  Plaintiff further contends that because his Complaint is similar to a complaint in another federal district court action where the court "ruled that the complaint had properly pled a cause of action under the California Unfair Competition law," his Complaint should survive the Motions to Dismiss.  (*See* Opp'n to Dismiss.) Plaintiff also attempts to strike the CLRA claim from the Complaint, as he admittedly states that "Kaye [wa]s correct about one issue [in the Motion to Dismiss]."  (Opp'n to Dismiss 6.)

In the Motion for Sanctions, American General asks the Court to impose monetary sanctions against Plaintiff for filing a complaint that is patently frivolous as Plaintiff's claims are barred by res judicata, the statute of limitations, or both.  (*See* Mot. for Sanctions.)  American General also contends that Plaintiff, who is a lawyer himself, is fully aware of the falsity of his factual allegations, and merely filed the instant Complaint to harass American General and to increase the cost of litigation in hopes that American General "will pay him to go away."  (Mot. for Sanctions, Introduction.)   Plaintiff responds that the Motion for Sanctions is premature as the proper procedure "is for [American General] to file a motion to dismiss."  (Opp'n to Mot. for Sanctions ("Opp'n to Sanctions") 3, ECF No. 31.)  Plaintiff also requests that the Court sanction Kaye and American General's counsel for violating 28 U.S.C. § 1927 for multiplying the proceedings unreasonably and vexatiously.  (Opp'n to Sanctions 5.)

A document filed *pro se* is to be "liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted); *see also Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) (adding that *pro se* litigants are still "bound by the rules of procedure").[7]

---

[7]  The United States Supreme Court has observed that "[e]ven a skilled lawyer who represents himself is at a disadvantage in contested litigation."  *Rasmussen v. City of Hermosa Beach*, No. CV 11-04556 GAF, 2012 WL 113382, at *1 n.2 (C.D. Cal. Jan. 9, 2012) (quoting *Kay v. Ehrler*, 499 U.S. 432, 437 (1991) (holding that a *pro se* attorney is not entitled to statutory awards of attorney's fees)).  Although the Ninth Circuit has not expressly indicated that the liberal construction normally afforded to *pro se* complaints may be lessened where the *pro se* litigant is an attorney, some of our sister circuits have recognized such a construction.  *See Tracy v. Freshwater*, 623 F.3d 90, 102 (2d Cir. 2010) (noting the degree of solicitude may be lessened where the particular *pro se* litigant is experienced in litigation and familiar with the procedural setting presented) (citation omitted); *Andrews v. Columbia Gas Transmission Corp.*, 544 F.3d 618, 633 (6th Cir. 2008) (noting that a district court does not err by refusing to afford special solicitude to a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority
Send
Enter
Closed
JS-5/JS-6
Scan Only

CASE NO.: CV 16-01245 SJO (GJSx)          DATE: July 7, 2016

Furthermore, "a *pro se* litigant must be given leave to amend unless it is absolutely clear that the complaint's deficiencies cannot be cured by amendment." *Hicks v. Rowe*, No. CV 11-00680 CJC, 2011 WL 1648604, at *4 (C.D. Cal. March 21, 2011) (citing *Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000)).

As discussed below, the Court first concludes that Kaye was fraudulently joined and that the instant action is properly before it, thereby denying the Motion to Remand. Second, on the Motions to Dismiss, the Court concludes that all of Plaintiff's claims against Defendants are barred by res judicata, the applicable statute of limitations, or both. Third, the Court declines to impose sanctions against Plaintiff. The Court discusses each motion in turn.

    A.    <u>Plaintiff's Motion to Remand</u>

Plaintiff moves to remand the action on the grounds of lack of complete diversity owing to Kaye's citizenship as a non-fraudulent defendant.

        1.    <u>Legal Standard</u>

A district court has removal jurisdiction pursuant to 28 U.S.C. section 1332 "where the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). "Jurisdictional facts are assessed on the basis of Plaintiff's complaint at the time of removal." *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1032 (N.D. Cal. 2002) (citing 28 U.S.C. § 1441). The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction," and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir. 1988)). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of

---

practicing lawyer who is proceeding *pro se*); *Godlove v. Bamberger, Foreman, Oswald, & Hahn*, 903 F.2d 1145, 1148 (7th Cir. 1990) ("Ordinarily, we treat the efforts of *pro se* application gently, but a *pro se* lawyer is entitled to no special consideration."). Here, Plaintiff's Complaint fails to state a claim for relief against Defendants under the liberal *pro se* pleading standard articulated in *Erickson*. 551 U.S. at 94. Even if the Court applied a more stringent standard to Plaintiff's pleadings like our sister circuits, the outcome would be no different. *See Burch v. Smathers*, 990 F. Supp. 2d 1063, 1071 (D. Idaho 2014) ("Even if the Court liberally construes the pleadings–as it would for non-attorney pro se litigants, *see Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc)–Burch's liberty interest claim fails.").

Case 2:16-cv-01245-SJO-GJS Document 38 Filed 07/07/16 Page 7 of 16 Page ID #:933

| JS-6 | UNITED STATES DISTRICT COURT | Priority |  |
|---|---|---|---|
| | CENTRAL DISTRICT OF CALIFORNIA | Send | |
| | | Enter | |
| | | Closed | |
| | CIVIL MINUTES - GENERAL | JS-5/JS-6 | |
| | | Scan Only | |

CASE NO.: CV 16-01245 SJO (GJSx)          DATE: July 7, 2016

establishing that removal is proper." *Gaus*, 980 F.2d at 566 (citing *Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n. 3 (9th Cir. 1990)).

Although federal law requires complete diversity of citizenship, one exception to this requirement is where a non-diverse defendant has been "fraudulently joined." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). "Joinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of determining diversity, '[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *Id.* at 1067 (citing *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987) (citation omitted)). "The defendant seeking removal to the federal court is entitled to present the facts showing the joinder to be fraudulent." *McCabe*, 811 F.2d at 1339. Moreover, procedural defenses such as statute of limitations and res judicata are permissible means by which a defendant may establish fraudulent joinder. *See Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1319-20 (9th Cir. 1998) (upholding removal based on fraudulent joinder resulting from a facial statute of limitations bar); *JSL Ltd. P'ship v. Mehrban*, 205 Cal. App. 4th 1512, 1526 (2012).

A defendant cannot successfully prove fraudulent joinder, however, by arguing either that a plaintiff will not prevail against the non-diverse defendant or that a plaintiff has not sufficiently alleged a claim against that defendant. *See Munoz v. Lab. Corp. of America*, No. CV 15-902-GW, 2015 WL 4507104, at *1-2 (C.D. Cal. July 23, 2015). Instead, a defendant must provide "clear and convincing evidence" that a plaintiff cannot succeed against the non-diverse defendant. *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007) (citation omitted). "Even where presently deficiently pled, where Plaintiffs may amend that claim to cure any arguable defects, it may not be said that it is impossible for them to state a claim against [a non-diverse defendant]." *Munoz*, 2015 WL 4507104, at *1.

>       2.      The Court Has Diversity Jurisdiction Over the Action

This action was removed solely on the basis of diversity jurisdiction. According to the Notice of Removal, this Court has diversity jurisdiction because Plaintiff is a citizen of Los Angeles, California, and American General is a citizen of Texas. (Notice of Removal 3; Compl. ¶ 17.) The amount in controversy is upwards of $2,086,044.00, which exceeds the threshold amount.[8] (Compl. ¶¶ 9, 16.)

---

[8] Plaintiff alleges that the face amount of the Policy is $2,086,044.00, that he made some of the premium payments in excess of $300,000.00, and that he suffered millions of dollars in damages as a result of Defendants' actions in preventing him from "exercising the option of a life settlement." (Compl. ¶¶ 9, 16.)

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

Priority ____
Send ____
Enter ____
Closed ____
JS-5/JS-6 ____
Scan Only ____

CASE NO.:  <u>CV 16-01245 SJO (GJSx)</u>            DATE: <u>July 7, 2016</u>

In Plaintiff's Motion to Remand, he argues that Kaye was not fraudulently joined, such that his citizenship should be considered for purposes of determining diversity, because Kaye, as an agent for American General, misled and discouraged Plaintiff from selling the Policy, and that Kaye did not properly advise him of the deadlines for the payments on the Policy. (Mot. to Remand 3.) American General asserts that Kaye, a California citizen, was fraudulently joined because Plaintiff is barred by the doctrine of res judicata and/or the statute of limitations, in light of Plaintiff's attempt to re-litigate claims against American General that he already litigated in the Florida Action. (Notice of Removal 3-4; Opp'n to Remand.)

The Court finds that Kaye was fraudulently joined, such that complete diversity is destroyed. As discussed in Section II.B.2., *supra*, all of Plaintiff's claims against Kaye are barred under the doctrine of res judicata. Moreover, Plaintiff strikes from the Complaint the CLRA claim, and the UCL claim is barred by the applicable statute of limitations. *See* Section II.B.3., *supra*. A determination of res judicata and/or statute of limitations are permissible means by which a defendant may establish fraudulent joinder and by which a court may deny remand. *See Ritchey*, 139 F.3d at 1319-20 ("[I]n ruling on a demurrer essentially founded on res judicata, a court may take judicial notice of a prior judgment in a different case even though such judgment or its content is not pleaded in the complaint.") (citation and quotation marks omitted); *Tomlinson v. Deutsche Bank Nat. Tr. Co.*, No. CV 13-00554 SOM, 2014 WL 346922, at *4 (D. Haw. Jan. 30, 2014) (interpreting *Ritchey*, 139 F.3d at 1319-20: "In light of the prior dismissal of the plaintiff's federal lawsuit [ ] the court [ ] held that statute of limitations barred any claim against the physician defendants. Accordingly, for the purposes of removal, they were 'sham' defendants, and their fraudulent joinder was insufficient to bar removal.").

Given that there is complete diversity between the parties, the Court has jurisdiction over the action. Accordingly, Plaintiff's Motion to Remand is **DENIED**. The Court now turns to Defendants' Motions to Dismiss, which are brought on res judicata and statute of limitations grounds.

    B.    <u>Defendants' Motions to Dismiss</u>

Defendants move to dismiss the action on the grounds that (1) the judgment from the Florida Action bars all of Plaintiff's claims under the doctrine of res judicata, and (2) the statute of limitations bars the UCL claim.

        1.    <u>Legal Standard</u>

| | | |
|---|---|---|
| JS-6 | UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br><br>CIVIL MINUTES - GENERAL | Priority ____<br>Send ____<br>Enter ____<br>Closed ____<br>JS-5/JS-6 ____<br>Scan Only ____ |

**CASE NO.:** <u>CV 16-01245 SJO (GJSx)</u>     **DATE:** <u>July 7, 2016</u>

Federal Rule of Civil Procedure 12(b)(6) ("Rule 12"), which provides for dismissal of a plaintiff's cause of action for "failure to state a claim on which relief can be granted," *see* Fed. R. Civ. P. 12(b)(6), must be read in conjunction with Federal Rule of Civil Procedure 8(a) ("Rule 8"). *See Ileto v. Glock Inc.*, 349 F.3d 1191, 1199-1200 (9th Cir. 2003). Rule 8 requires that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although the pleader is not required to plead "detailed factual allegations" under Rule 8, this standard demands "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Pleadings that contain nothing more than legal conclusions or "a formulaic recitation of the elements of a cause of action" are insufficient. *Id.* (citation and quotation marks omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Where a complaint pleads sufficient facts "to raise a right to relief above the speculative level," a court may not dismiss the complaint under Rule 12(b)(6). *See Twombly*, 550 U.S. at 545. In reviewing a motion to dismiss under Rule 12, a court may only consider the complaint, documents incorporated by reference in the complaint, and matters of judicial notice. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986) (citation omitted).

For the following reasons, the Court concludes that res judicata bars the instant action against all Defendants. Additionally, the statute of limitations bars the UCL claim against all Defendants. The Court addresses each ground in turn.

    2.    <u>Res Judicata Bars the Instant Action</u>

The doctrine of res judicata (or claim preclusion) "bar(s) all grounds for recovery which could have been asserted, whether they were or not, in a prior suit between the same parties. . . on the same cause of action." *Ross v. IBEW*, 634 F.2d 453, 457 (9th Cir. 1980). "'Res judicata' describes the preclusive effect of a final judgment on the merits," in particular by "prevent[ing] relitigation of the same cause of action in a second suit between the same parties or parties in privity with them." *Mycogen Corp. v. Monsanto Co.*, 28 Cal. 4th 888, 896 (2002). The Ninth Circuit has held that a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority ____
Send ____
Enter ____
Closed ____
JS-5/JS-6 ____
Scan Only ____

**CASE NO.:** <u>CV 16-01245 SJO (GJSx)</u>        **DATE:** <u>July 7, 2016</u>

federal court sitting in diversity must apply the res judicata law of the state in which it sits. *Gramm v. Lincoln*, 257 F.2d 250, 255 n.6 (9th Cir. 1958). Under California law, the res judicata effect of a prior federal court judgment is analyzed using federal standards. *Constatini v. Trans World Airlines*, 681 F.2d 1199, 1201 (9th Cir. 1982) (citations omitted). Therefore, those federal standards are applicable here to determine the preclusive effect of the prior federal court judgment. *Id.*

In order for res judicata to apply there must be: (1) an identity of claims; (2) a final judgment on the merits; and (3) identity or privity between parties. *Blonder-Tongue Lab v. University of Ill. Found.*, 402 U.S. 313, 323-24 (1971). Here, the three res judicata requirements are met. The Court discusses each requirement in turn.

> a.    <u>Both Lawsuits Share Identity of Claims</u>

The Ninth Circuit applies several criteria to determine whether successive lawsuits share identity of claims:

> (1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts.

*Harris v. Jacobs*, 621 F.2d 341, 343 (9th Cir. 1980) (citation omitted). The last of these four criteria is the most important. *Id.* In applying the fourth criterion, the Ninth Circuit has held that "[r]es judicata bars relitigation of all grounds of recovery that were asserted, or could have been asserted, in a previous action between the parties, where the previous action was resolved on the merits." *U.S. v. Liquidators of European Federal Credit Bank*, 630 F.3d 1139, 1151 (9th Cir. 2011) (citation omitted).

In the instant action, Plaintiff asserts claims against all Defendants for: (1) violating the CLRA by inserting unconscionable provisions into the insurance contract (*i.e.*, that the Policy expires when the insured reaches 100 years old, etc.); (2) financial abuse of an elder for fraudulently "t[aking], secret[ing], appropriat[ing], obtain[ing], or retain[ing] Plaintiff's personal property for a wrongful use with intent to defraud [b]y accepting insurance premium[s] and then canceling the policy for no stated reason . . ."; and (3) unlawful, unfair, and fraudulent business practices by "discouraging, failing to inform, and/or concealing from Plaintiff the option of a life settlement when presenting them with options regarding their life insurance policies." (Compl. ¶¶ 37, 42, 53.)

| | | |
|---|---|---|
| JS-6 | **UNITED STATES DISTRICT COURT**<br>**CENTRAL DISTRICT OF CALIFORNIA**<br><br>**CIVIL MINUTES - GENERAL** | Priority ____<br>Send ____<br>Enter ____<br>Closed ____<br>JS-5/JS-6 ____<br>Scan Only ____ |

CASE NO.: <u>CV 16-01245 SJO (GJSx)</u>          DATE: <u>July 7, 2016</u>

In the Florida Action, Plaintiff asserted claims against American General, among others, for: (1) violating RICO for numerous acts of racketeering activity, including theft of property in excess of $15,000.00, fraud, and violations of the Securities and Exchange Act in relation to the financial crisis of 2008, wherein Plaintiff was unable to sell the insurance policy in 2009 and 2010; (2) violating the Florida Unfair Trade Practices Act by failing to explain that the policy would become worthless if the insureds survived passed 100, and that the policy is difficult, if not impossible to sell; (3) elder abuse in violation of Florida's Social Welfare Law for abusing, neglecting, and exploiting Harold Joseph by selling him a policy that he did not understand and that he did not want; and (4) fraud for misrepresenting to Mr. Joseph that his children would receive benefits on his death. (Florida FAC ¶¶ 19-67.)

Plaintiff's allegations in the Florida Action and in the instant action stem from the same Policy that his father, Mr. Joseph, entered into in 1993. Plaintiff complains in both actions that he has not received the benefits he believes are due to him under the Policy after his father passed away in 2009. Plaintiff also alleges in both actions that defendants accepted payments made by Plaintiff on the premiums that were due under the Policy, and that the defendants failed to inform Plaintiff and his father of the option to sell the Policy (*i.e.*, option of a life settlement) after his father passed away.

The amended complaint in the Florida Action alleges, among other things, violations of Florida's unfair trade practices act for defendants' failure to explain that the Policy would only pay out monies if both insureds died, that if they lived passed 100 years of age, the Policy would become worthless, and that the Policy is impossible to sell. Plaintiff's CLRA claim in the instant action alleges the same conduct of failure to inform that if the insureds live passed 100 years of age, the Policy would become worthless. Similarly, Plaintiff's UCL claim here alleges the same with regard to Defendants' conduct in failing to inform and concealing information about the option of a life settlement.

Plaintiff's elder abuse claim in the Florida Action is directed at the Florida Action defendants' abuse of his father, Mr. Joseph, for selling him a policy he did not understand and did not want. Comparatively, the elder abuse claim in the instant action is directed at Defendants' abuse of Plaintiff in taking premium payments and then cancelling the policy for no stated reason. Although the elder abuse claims are directed at different elders (*i.e.*, Mr. Joseph vs. Plaintiff), the factual allegations underlying the elder abuse claims in both actions stem from the same transactional nucleus of facts. First, the allegations underlying the elder abuse claim in the Florida action are the same allegations underlying the UCL and CLRA claims here, *i.e.*, that Defendants failed to properly explain the Policy to his father. Second, the allegations underlying the RICO claim in the Florida Action are the same allegations underlying the elder abuse claim here. Plaintiff alleged in his Florida RICO claim that defendants committed theft by taking Plaintiff's property in excess

Case 2:16-cv-01245-SJO-GJS Document 38 Filed 07/07/16 Page 12 of 16 Page ID #:938

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority
Send
Enter
Closed
JS-5/JS-6
Scan Only

**CASE NO.:** <u>CV 16-01245 SJO (GJSx)</u>       **DATE:** <u>July 7, 2016</u>

of $15,000.00, which is presumably the $15,082.11 premium payment he made on November 7, 2013. Less than a month later, Plaintiff initiated the Florida Action on December 2, 2013. In Plaintiff's elder abuse claim here, he alleges that he made a premium payment on the Policy in excess of $15,000.00, Defendants cashed that check, sent Plaintiff a refund, and then canceled the Policy thereafter.

Generally, both actions allege infringement of Plaintiff's right to collect benefits under the Policy and right to be informed about the option of a life settlement. In both actions, Plaintiff alleges that he is entitled to receive benefits under the Policy, that he had the right to be informed about the option of a life settlement, and that he had the right to sell the Policy. Plaintiff is not raising any new legal claim here that he did not raise, or could not have raised, in the Florida Action.

As such, the Court finds that the Florida Action and the instant action share an identity of claims since they arise out of the same transactional nucleus of facts.

The three other "identity of claims" factors are: (1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; and (3) whether the two suits involve infringement of the same right. *Harris*, 621 F.2d at 343; *see also Costantini v. Trans World Airlines*, 681 F.2d 1199, 1201 (9th Cir. 1982) (stating that "[u]nder federal law, appellant does not avoid the bar of res judicata merely because he now alleges conduct by [defendant] not alleged in his prior suit . . . ."); *Lester v. NBC*, 217 F.2d 399, 400 (9th Cir. 1954), *cert. denied*, 348 U.S. 954 (1955) ("a judgment's finality applied to facts which might have been pleaded with reference to the same event as well as to those actually pleaded"). The district judge in the Florida Action dismissed the FAC with prejudice for Plaintiff's failure to state a claim to relief against American General and other defendants under Rule 12(b)(6). American General's rights that were established in the Florida Action would undoubtedly be impaired, if not destroyed, by Plaintiff's prosecution in this action. The allegations presented in the instant action are substantially similar, if not identical, to the allegations presented in the Florida Action: the Policy's creation in 1993, the late payments Plaintiff made to American General for the Policy, American General's cancellation of the Policy, Plaintiff's inability to sell the life settlement, and Plaintiff's belief that he is entitled to benefits under the Policy. Thus, the evidence that would be presented in this action would be virtually identical with evidence that would have been offered in the Florida Action. *See Costantini*, 681 F.2d at 1201 (holding that the "evidence in the instant action would apparently be virtually identical with evidence offered in the [prior] action . . ."). Moreover, the two suits involve infringement of the same rights: Plaintiff's right to collect benefits under the Policy, his right to be informed about the option of a life settlement, and his right to sell the Policy.

| | | |
|---|---|---|
| JS-6 | UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br><br>CIVIL MINUTES - GENERAL | Priority ___<br>Send ___<br>Enter ___<br>Closed ___<br>JS-5/JS-6 ___<br>Scan Only ___ |

**CASE NO.:** <u>CV 16-01245 SJO (GJSx)</u>          **DATE:** <u>July 7, 2016</u>

Accordingly, the Court finds that the Florida Action and the instant action share an identity of claims. The two remaining requirements of res judicata are easily satisfied, as discussed below.

    b. <u>The Florida Action Resulted in a Final Judgment on the Merits</u>

The Florida Action was dismissed without leave to amend by the district court judge, and that decision was affirmed by the Eleventh Circuit. (*See* Second Florida Dismissal Order, Eleventh Circuit Opinion.) The phrase "final judgment on the merits" is often used interchangeably with "dismissal with prejudice." *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002) (citation omitted). Here, the Florida district judge granted defendants' motion to dismiss under Rule 12(b)(6), dismissed the Florida FAC without leave to amend, and instructed the clerk to mark the case as closed. *See Federated Dept. Stores, Inc. v. Moitie*, 452 U.S. 394, 399 n.3 (1981) ("The dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a 'judgment on the merits.'") (citation omitted). The Eleventh Circuit referred to the district court's order as a dismissal with prejudice. (Eleventh Circuit Opinion 16.) Federal Rule of Civil Procedure 41(b) states that "[u]nless the court in its order for dismissal otherwise specifies, a dismissal. . . other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits." Fed. R. Civ. P. 41(b). Since none of the listed exceptions applies, the Court finds that the Florida Action resulted in a final judgment on the merits.

    c. <u>There is Privity Between the Parties</u>

American General is a party in this action and was a party in the Florida Action. As for Kaye, the Complaint alleges that Kaye was acting in the course and scope of his employment with American General. (Compl. ¶ 18) ("Kaye is an insurance agent for [American General].") An employer-employee relationship generally satisfies the privity requirement for matters within the scope of employment: "Where, as here, the relations between two parties are analogous to that of principal and agent, the rule is that a judgment in favor of either, in an action brought by a third party, rendered upon a ground equally applicable to both, is to be accepted as conclusive against the plaintiff's right of action against the other." *Spector v. El Ranco, Inc.*, 263 F.2d 143, 145 (9th Cir. 1959) (holding that where there was a verdict and judgment in favor of the hotel as principal of an employee, the employee was entitled in suit by guest to raise the judgment as a bar to the guest's action against him); *see also Drawsand v. F.F. Properties, L.L.P.*, 866 F. Supp. 2d 1110, 1126-27 (N.D. Cal. 2011). Thus, the Court finds that there is privity between Plaintiff, Kaye, and American General.

Because all of the elements of res judicata are satisfied, the Court finds that Plaintiff's claims against Kaye and American General are barred under the doctrine of res judicata. *See Costantini*,

Case 2:16-cv-01245-SJO-GJS Document 38 Filed 07/07/16 Page 14 of 16 Page ID #:940

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority ____
Send ____
Enter ____
Closed ____
JS-5/JS-6 ____
Scan Only ____

CASE NO.: CV 16-01245 SJO (GJSx)        DATE: July 7, 2016

681 F.2d at 1201-02 (res judicata bars virtually identical suit which seeks nearly identical relief as a previous action). The Court will now address an additional ground for why the UCL claim should be dismissed.[9]

### 3. The Statute of Limitations: Additional Ground to Dismiss UCL Claim

Plaintiff's third cause of action asserts that Defendants' business practices are unlawful because they constitute financial elder abuse and that Defendants engaged in unfair business practices. (*See* Compl. ¶¶ 54-55.)

The UCL prohibits "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising . . . ." Cal. Bus. & Prof. Code § 17200. To be "unlawful," the conduct must violate another "borrowed" law, which may be "[v]irtually any state, federal, or local law." *Davis v. HSBC Bank Nev., N.A.*, 691 F.3d 1152, 1168 (9th Cir. 2012). To the extent Plaintiff's UCL claim is premised on its allegations that Kaye and American General violated either the CLRA or California Welfare and Institutions Code sections 15600, *et seq.*, the Court finds that such a UCL claim would fail for the reasons stated above. *See Krantz v. BT Visual Images, LLC*, 89 Cal. App. 4th 164, 178 (2001) ("[C]laims . . . under the [UCL] . . . stand or fall depending on the fate of the antecedent substantive causes of action.").

Plaintiff also asserts that Defendants violated the unlawful, unfair, and fraudulent prongs of the UCL "by discouraging, failing to inform and/or concealing from Plaintiff the option of a life settlement when presenting them [sic] with options regarding their life insurance policies." (Compl. ¶ 53.) However, in his Florida FAC, Plaintiff alleged that he "attempted for more than one year to sell the insurance policy at issue, in 2009 and 2010," but that he was "unable to sell the policy because of AIG's illegal activities." (Florida FAC ¶ 45.) Thus, Plaintiff admits that he was aware of his ability to sell the Policy to third parties by 2010 at the latest. California Business & Professions Code section 17208 provides that "[a]ny action to enforce any cause of action pursuant to this chapter shall be commenced within four years after the cause of action accrued." Cal. Bus. & Prof. Code § 17208. Thus, Plaintiff's UCL claim against Defendants premised on their

---

[9] The Court notes that Plaintiff withdrew his CLRA claim: "Defendant Kaye is correct about one issue: The California Supreme Court has definitively ruled that insurance is not subject to CLRA claims, *Fairbanks v. Superior Court* (2009) 46 Cal. 4th 56. Plaintiff hereby strikes that claim from the complaint." (Opp'n to Dismiss 6.) Indeed, life insurance is not a "good" or "service" covered by the CLRA. *See Fairbanks*, 46 Cal. 4th at 56. Thus, regardless of whether Plaintiff struck the CLRA claim or not, the CLRA claim against Defendants would fail as a matter of law.

JS-6

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

Priority
Send
Enter
Closed
JS-5/JS-6
Scan Only

**CASE NO.:** <u>CV 16-01245 SJO (GJSx)</u>    **DATE:** <u>July 7, 2016</u>

alleged discouragement, failure to inform, or concealment of the life settlement option is time-barred because more than four years elapsed between when Plaintiff became aware of his ability to sell the Policy (2010) and when he initiated this action (2016).

In conclusion, because res judicata, the applicable statute of limitations, or both, bar the instant action, the Court **GRANTS** Defendants' Motions to Dismiss.

    4.    <u>Leave to Amend Is Denied</u>

Although the Court liberally construes the *pro se* Plaintiff's Complaint and holds it to less stringent standards than formal pleadings drafted by lawyers, *see Erickson*, 551 U.S. at 94, the Court finds no basis to grant Plaintiff leave to amend because the Complaint's deficiencies cannot be cured by amendment. *See Hicks*, 2011 WL 1648604, at *4. Plaintiff's claims are barred by res judicata, and his UCL claim is also barred by the statute of limitations, and the Court cannot conceive of any amendments that could cause these claims to escape the reach of these doctrines. Accordingly, the Court's dismissal of the instant action is **with prejudice**.

    C.    <u>American General's Motion for Sanctions</u>

        1.    <u>Legal Standard</u>

Federal Rule of Civil Procedure 11 ("Rule 11") provides:

> By presenting to the court a pleading, written motion, or other paper . . . an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument.

Fed. R. Civ. P. 11(b)(2). A court considering Rule 11 sanctions should consider whether the party or parties' submissions were "frivolous," "legally unreasonable," or "without factual foundation, even . . . [if] not filed in subjective bad faith." *Zaldivar v. City of Los Angeles*, 780 F.2d 823, 831 (9th Cir. 1986) (*abrogated on other grounds by Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 399-405 (1990)); *see also Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1362 (9th Cir. 1990) (en banc) ("[S]anctions must be imposed on the signer of a paper if either (a) the paper is filed for an improper purpose, or (b) the paper is 'frivolous.'"). Thus, "[t]he issue in determining whether to impose sanctions under Rule 11 is whether a reasonable attorney, having conducted an objectively reasonable inquiry into the facts and law, would have concluded that the offending

| | | |
|---|---|---|
| JS-6 | **UNITED STATES DISTRICT COURT**<br>**CENTRAL DISTRICT OF CALIFORNIA**<br><br>**CIVIL MINUTES - GENERAL** | Priority ____<br>Send ____<br>Enter ____<br>Closed ____<br>JS-5/JS-6 ____<br>Scan Only ____ |

**CASE NO.:** <u>CV 16-01245 SJO (GJSx)</u>        **DATE:** <u>July 7, 2016</u>

paper was well-founded." *Schutts v. Bently Nevada Corp.*, 966 F. Supp. 1549, 1562 (D. Nev. 1997) (citation omitted); *see also Stewart*, 845 F.2d at 201 ("With frivolousness, the key question is whether a pleading states an arguable claim.").

"Rule 11 is an extraordinary remedy, one to be exercised with extreme caution." *Operating Eng'rs Pension Trust v. A-C Co.*, 859 F.2d 1336, 1345 (9th Cir. 1988). "The court has significant discretion in determining what sanctions, if any, should be imposed for a violation." Fed. R. Civ. P. 11(b) advisory committee's notes on the 1993 amendments. Although Plaintiff's claims here relitigate claims disposed of in the Florida Action, the Court exercises its discretion not to impose sanctions.

In sum, the Court **DENIES** American General's Motion for Sanctions.

III.     <u>RULING</u>

For the foregoing reasons, the Court concludes that American General has met its burden of demonstrating that Kaye has been fraudulently joined. Accordingly, the Court **DISMISSES** Kaye as a defendant in this action. As there now exists complete diversity between Plaintiff and the remaining defendant American General, the Court concludes that it has subject matter jurisdiction over the instant action, and **DENIES** Plaintiff's Motion to Remand. Moreover, the Court finds that Plaintiff's CLRA, UCL, and elder abuse claims are barred by the doctrine of res judicata, the applicable statute of limitations, or both. The Court **GRANTS without leave to amend** Defendants' Motions to Dismiss and **DENIES** American General's Motion for Sanctions.

This case shall close.

IT IS SO ORDERED.